FILED
FEBRUARY 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| GREG CHRISTIAN CATERING, INC. and GREG CHRISTIAN, individually, | ) ) ) | |
| Defendants. | ) ) | |

**08 C 1202**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiff Francisco Hernandez, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendants Greg Christian Catering, Inc. and Greg Christian, individually states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. A copy of Plaintiff's consent form to act as representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

### THE PARTIES

2. Plaintiff Francisco Hernandez resides in and is domiciled within this judicial district.

3. Within the prior three years, Plaintiff was employed by Defendant as an

"employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

4. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

5. During the course of his employment, Plaintiff engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

6. Defendant Greg Christian Catering, Inc. is an Illinois corporation doing business within this judicial district. Defendant Greg Christian Catering, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Greg Christian Catering, Inc. was Plaintiff's "employer" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. Defendant Greg Christian is involved in the day-to-day business operations of Defendants. Among other things, Defendant Greg Christian has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Greg Christian resides and is domiciled in this judicial district.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

11. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time worked.

12. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. § 216(b) and venue is proper in this judicial district.

13. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

14. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

15. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. For example, for the weekly work period ending August 20, 2006, Plaintiff worked 70.23 hours and was paid his regular hourly rate of $8.50 an hour for all time he worked,

3

including time he worked in excess of forty (40) hours per week. See Plaintiff's pay stub for the pay period ending August 20, 2006, attached hereto as Exhibit B.

16. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

17. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

18. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

19. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

A. liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

B. reasonable attorneys' fees and costs incurred in filing this action; and

C. such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff individually only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as

4

if fully set forth herein.

20. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

21. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

22. At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

23. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

24. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

D. a judgment in the amount of one and one-half times the greater of the State mandated minimum wage or his regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

E. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

F.   reasonable attorneys' fees and costs incurred in filing this action; and

G.   such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  February 25, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Greg Christian Catering, Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Francisco Hernandez P._   (print your name)

Signature: _Francisco Hernandez P._

Date on which I signed this Notice: _2/22/08_
(today's date)

# EXHIBIT B

**GREG CHRISTIAN CATERING, INC**                                                                                                      120747

| Employee | | | | | SS# | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| Francisco Hernandez, 2315 N. Western Ave., Chicago, IL 60647 | | | | | ***-**-7412 | Single/Withhold | Fed-4/0/IL-0/0 |
| | | | | | Pay Period: 08/14/2006 - 08/20/2006 | | Pay Date: 08/25/2006 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| GGO Hourly Rate | 70:23 | 8.50 | 598.26 | 10,338.73 |
| Kitchen Rate | | | | 4,146.33 |
| Party 2 Rate | | | | 171.00 |
| Gratuity | | | | 280.00 |
| Party Rate | | | | 206.00 |
| Holiday | | | | 68.00 |
| | | | 598.26 | 15,210.06 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | -37.00 | -520.00 |
| Social Security Employee | -37.09 | -943.02 |
| Medicare Employee | -8.68 | -220.55 |
| IL - Withholding | -17.95 | -456.32 |
| | -100.72 | -2,139.89 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Employee Purchase | | -44.00 |

| Net Pay | 497.54 | 13,026.17 |
|---|---|---|

Greg Christian Catering Inc., 1103 W. Grand Ave., Chicago, IL 60622, Ph: (312) 666-4466, Fax: (312) 666-0154 (312) 666-4466, GREG CHRISTIAN CATERING INC